IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JEREMY SEAN KEE**                                                                                           **PLAINTIFF**

v.                                            Case No.: 4:09-cv-4029

**MAJOR TURNER**, *et al.*                                                                            **DEFENDANTS**

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeremy Sean Kee, currently a resident of Kilgore, Texas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Paul K. Holmes, III, United States District Judge, referred this case the undersigned for the purpose of making a Report and Recommendation.

**I.      Background**

On October 20, 2010, Summons was Returned Unexecuted by the United States Marshal's Service, regarding service of Defendant Officer Collens. ECF No. 17. The Marshal's Service noted on the return that "all investigative measures have failed to locate an individual by the last name of 'Collens' who may have worked at the Miller County Jail." *Id.* Thus, Plaintiff was given sixty days to file a "Motion for Service," which stated the full name of and service address for Defendant Collens. Order, ECF No. 19. Further, Plaintiff was advised that, if he failed to timely and properly file a Motion for Service, Defendant Collens would be dismissed from this action, without prejudice, due to a lack of service. *Id., see also* FED. R. CIV. P. 4(m).

**II.     Applicable Law**

Rule 4(m), Federal Rules of Civil Procedure, provides:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

### III. <u>Discussion</u>

Service was ordered on Defendant Collens on August 30, 2010. ECF No. 12. On October 20, 2010, service was returned as unexecuted as to Defendant Collens. ECF No. 17. Plaintiff was directed by Order of this Court on October 28, 2010, to provide the correct address and name of Defendant Collens within sixty days. ECF No. 19. Plaintiff was notified that failure to provide such name and address could result in the dismissal of Defendant Collens from this action.

The sixty-days have passed and Plaintiff has filed no notification with the Court of the correct name or address of Defendant Collens. Moreover, no mail sent to the Plaintiff has been returned as undeliverable.

### IV. <u>Conclusion</u>

Therefore it is the recommendation of the undersigned that Plaintiff has received opportunity to correctly name Defendant Collens and ample notice of the result of the failure to correctly identify Defendant Collens, and that Defendant Collens should be dismissed, without prejudice, as a party to the above-styled action pursuant to Federal Rule of Civil Procedure 4(m).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 5th day of May 2011.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U.S. MAGISTRATE JUDGE